UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TOMMIE RAY HARRIS,

        Plaintiff,

        Case No. 1:22-cv-806

v.

        Honorable Robert J. Jonker

SHAWNTE LEE WRIGHT et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a person held in county jail under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint in part because it fails to state a claim, in part under the *Younger* abstention doctrine, and in part because the Court declines to exercise supplemental jurisdiction over the state law claims.

**Discussion**

I. **Factual Allegations**

Plaintiff is presently incarcerated at the Kent County Correctional Facility (KCCF). *See* https://www.accesskent.com/InmateLookup/showDetail.do?bookNo=2204244 (last visited Sept. 20, 2022). Plaintiff is being prosecuted in Kent County Circuit Court Case No. 22-04473-FH on charges of being a felon in possession of a firearm and ammunition, in violation of Mich. Comp. Laws § 750.224f, and assault, in violation of Mich. Comp. Laws § 750.81. *See People v. Harris*, Case No. 22-04473-FH (Kent Cnty. Cir. Ct.) (Register of Actions), https://www.accesskent.com/CNSearch/appStart.action (search First Name "Tommie," Last Name "Harris," Year of Birth "1976," then select Case No. 22-04473-FH, last visited Sept. 20, 2022). His jury trial is scheduled for October 3, 2022.

The events about which Plaintiff complains are related to his arrest and prosecution. Plaintiff states that on April 20, 2022, Defendant Shawnte Lee Wright made false statements to the local sheriff and Sparta police that resulted in Plaintiff's arrest and prosecution. At least some part of Plaintiff's claim—and perhaps all of it—is premised on the fact he does not consider the name under which he is being prosecuted, Tommie Ray Harris, to be his true name. Plaintiff contends his true name is Amun Atsu Bey.

Based on Wright's false statements, Defendant Sparta Police Department took Plaintiff's wallet, found Plaintiff's identification card—presumably identifying Plaintiff as Amun Atsu Bey—and then disregarded it. At least because of this mistake regarding identity, and perhaps for other reasons as well, Plaintiff claims that he is "restrained, falsely imprisoned, kidnapped, [and] violated" by Wright, Defendant Kent County Prosecuting Attorney Christopher Becker, and Defendant Sparta Police Department. (Compl., ECF No. 1, PageID.2.) Plaintiff alleges that Defendants have pursued false charges, committed perjury, abused authority, and suppressed

evidence of Plaintiff's wallet and his identification card. Plaintiff also claims that Defendant Sergeant Cook of the Sparta Police Department committed perjury on the witness stand and suppressed evidence.

Plaintiff also names as a Defendant the KCCF; but he does not make any factual allegations regarding the facility.

Plaintiff claims that his present detention is unlawful and he seeks damages in the amount of $250,000.00 per day for the ongoing injury.

**II.     Failure To State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

3

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

### A. Claims Seeking Release

Plaintiff's contention that he is improperly restrained calls into question the propriety of his present confinement. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (discussing that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, and he seeks release, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (finding that dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23–24 (7th Cir. 1997) (setting forth that the reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, and (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

### B. § 1983 Claims

Plaintiff seeks relief under several state statutes and under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source

of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### 1.     **Defendant KCCF**

The KCCF is a building that "is not a legal entity susceptible to suit." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted against Defendant KCCF.

Although the KCCF if not an entity capable of being sued, it is "a department of the county, [such that] the county is the appropriate party to address [Plaintiff's] suit." *Id*. In this instance, however, even if the Court substituted Kent County as a defendant in place of the KCCF, Plaintiff has still failed to state a claim. Plaintiff makes no allegations regarding Defendant KCCF or Kent County. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 545 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)) (requiring allegations of

5

personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Because Plaintiff fails to even mention Defendant KCCF (or Kent County) in the body of his complaint, his allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Therefore, it would be futile to substitute Kent County as a defendant in place of the KCCF.

### 2. Sparta Police Department

A municipal police department is also not an entity subject to suit; it is a department of the municipal government. *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *Khaled v. Dearborn Heights Police Department*, 711 F. App'x 766, 772 n.4 (6th Cir. 2017). Thus, Plaintiff has failed to state a claim upon which relief may be granted against Defendant Sparta Police Department.

Substituting the City of Sparta in place of the Sparta Police Department would also be futile. A local government "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35–37 (2010) (citing *Monell*, 436 U.S. at 694). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020); *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the

governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508–509. At the dismissal stage, a Plaintiff can demonstrate a policy or custom by alleging facts that show one of the following circumstances: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Lipman*, 974 F.3d at 747 (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)).

Any claim against the City of Sparta would fail at the first step because Plaintiff's allegations have not identified a policy or custom. A "policy" includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff. *Monell*, 436 U.S. at 690. Plaintiff has not asserted that there is an official policy. Plaintiff also has not identified a custom. The Sixth Circuit has explained that a "custom"

> . . . for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law. In turn, the notion of "law" includes deeply embedded traditional ways of carrying out state policy. It must reflect a course of action deliberately chosen from among various alternatives. In short, a "custom" is a "legal institution" not memorialized by written law.

*Claiborne Cnty.*, 103 F.3d at 507 (citations and quotations omitted). Therefore, Plaintiff has failed to state a claim against the City of Sparta.

Where a plaintiff fails to allege that a policy or custom existed, dismissal of the action for failure to state a claim is appropriate. *Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff's allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the

7

allegation). Therefore, the Court would be compelled to dismiss any claim against the City of Sparta because Plaintiff has failed to state a claim upon which relief may be granted.

### 3. Defendant Wright

Although remaining Defendants Prosecutor Becker and Sergeant Cook clearly acted "under color of state law," Plaintiff makes no allegations that indicate that Defendant Wright is a state actor. To prevail on a § 1983 claim against Wright, Plaintiff must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Based on Plaintiff's allegations, it appears Wright is a private party. In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Where a defendant is not a state official, his or her conduct will be deemed to constitute state action only if it meets one of three narrow tests. The first is the symbiotic relationship test, or nexus test, in which the inquiry focuses on whether "the State had so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *Jackson*, 419 U.S. at 357–58. Second, the state compulsion test describes situations "in which the government has coerced or at least significantly encouraged the action alleged to violate the Constitution." *NBC v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1026 (11th Cir. 1988); *accord Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970). Finally, the public function test covers private actors performing functions "traditionally

8

the exclusive prerogative of the State." *Jackson*, 419 U.S. at 353; *accord West*, 487 U.S. at 49–50. *See generally*, *Lugar*, 457 U.S. at 936–39 (discussing three tests).

Plaintiff has not presented any allegations by which the conduct of Defendant Wright could be fairly attributed to the State. Accordingly, he fails to state a § 1983 claim against Wright.

### III. *Younger* Abstention

Plaintiff contends that Defendants Becker and Cook knowingly and willingly falsified charges against Plaintiff, committed perjury, and suppressed evidence. Those are matters that will be before the trial court in Plaintiff's ongoing criminal proceedings. Because Plaintiff seeks relief other than release, specifically damages in the amount of $250,000.00 per day, the Court will abstain from deciding such issues under the doctrine of *Younger v. Harris*, 401 U.S. 37, 44–55 (1971).

Generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Id.* This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44.

*Younger* generally permits a federal court to abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The three factors supporting *Younger* abstention are present in this case.

First, the alleged wrongs committed by Defendants Becker and Cook relate to a criminal case that is ongoing. Second, Plaintiff's criminal proceedings involve important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the

9

policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings."). Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his challenges. The credibility of witness testimony will necessarily be an issue before the court during Plaintiff's trial. "Abstention is appropriate unless state law *clearly bars* the interposition of the constitutional claims." *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006)). State law does not clearly bar the presentation of Plaintiff's claims in his criminal proceedings or subsequent appeals, if any.

Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). The Sixth Circuit has explained:

> [T]he Supreme Court has applied the bad faith/harassment exception "to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions." *Ken-N.K., Inc. v. Vernon Township*, 18 F. App'x 319, 324–25 n.2 (6th Cir. 2001) (citing Erwin Chemerinsky, Federal Jurisdiction § 13.4, at 806–08 (3d ed. 1999)); *see also, e.g., McNatt*[ ], 37 F.3d 629 [ ] (holding that the bad faith/harassment exception to *Younger* "is extremely narrow and applies only in cases of proven harassment or prosecutions undertaken without hope of obtaining valid convictions").

*Lloyd v. Doherty*, No. 18-3552, 2018 WL 6584288, at *4 (6th Cir. Nov. 27, 2018). Plaintiff's allegations accuse the Defendants of misconduct; but he has not alleged repeated prosecutions

10

where the officials have no hope of success or intention to follow through. To the contrary, it appears that Defendants continue to vigorously pursue Plaintiff's prosecution.

Because Plaintiff's allegations do not implicate any of the *Younger* exceptions, the *Younger* abstention doctrine applies here. Consequently, so long as Plaintiff's criminal proceedings remain pending in state court, the Court will not review Defendant's actions relating to the prosecution. Those claims are properly dismissed without prejudice.

## IV. State Law Claims

Plaintiff seeks to invoke this Court's supplemental jurisdiction over claims that Defendants violated state statutes or committed torts under state law. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))); *see also Southard v. Newcomb Oil Co., LLC*, 7 F.4th 451, 455 (6th Cir. 2021) (citing *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)) (recognizing that once a federal court no longer has federal claims to resolve, it "should not ordinarily reach the plaintiff's state-law claims); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon*, 465 F.3d at 728 ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotation marks omitted)). Dismissal,

11

however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claims will be dismissed without prejudice.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's claims challenging the fact or duration of his present confinement and seeking release will be dismissed for failure to state a claim, under 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). Further, the Court will dismiss Plaintiff's claims against Defendant KCCF and Defendant Sparta Police Department because those entities are not subject to suit. Although the Court might otherwise consider substituting Kent County in place of KCCF or the City of Sparta in place of the Sparta Police Department, such substitutions would be futile. Plaintiff has failed to make any allegations against KCCF or, therefore, the putative substituted party of Kent County as well. Plaintiff made some conclusory allegations against the Sparta Police Department; but he does not identify any custom or policy that injured him. Thus, he has failed to allege a viable municipal liability claim against putative substituted party City of Sparta. Additionally, Plaintiff has failed to state a claim against Defendant Wright because Plaintiff has failed to allege facts that support an inference that Wright acted under color of state law.

Plaintiff's allegations against Prosecutor Becker and Sergeant Cook relate directly to the ongoing state criminal proceedings and Plaintiff must first pursue relief in those proceedings. Accordingly, the Court will abstain from deciding such claims under the doctrine of *Younger v.*

*Harris*. Finally, to the extent that Plaintiff is raising state law claims, the Court declines to exercise supplemental jurisdiction over them.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

The Court considers this to be a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:  September 20, 2022            /s/ Robert J. Jonker
                                                       Robert J. Jonker
                                                       United States District Judge